```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| SANDRA ANN CHAMBERS,<br><br>        Plaintiff,<br><br>    v.<br><br>HILLARY DIANE RODHAM CLINTON; BILL, HILLARY, AND CHELSEA CLINTON FOUNDATION; TIMOTHY TIM KAINE; UNITED STATES OF AMERICA; BARACK HUSSEIN OBAMA II; RICHARD JOSEPH DURKIN; MARK STEVEN KIRK; ROBIN LYNNE KELLY; STATE OF ILLINOIS; BRUCE VINCENT RAUNER; LISA MURRAY MADIGAN; DONNA E. TROTTER, MARCUS EVANS, JR.; ANITA ALVARZ; COOK COUNTY; TONI PRECKWINKLE; BEATRIZ SANTIAGO; SANDRA G. RAMOS; LARRY R. ROGERS, JR.; STANLEY MOORE; JOSEPH BERRIOS; CITY OF CHICAGO; RAHM ISRAEL EMANUEL; SUE SADLOWSKI GARZA; DONALD JOHN TRUMP; THE TRUMP ORGANIZATION; MICHAEL RICHARD PENCE; AND UNKNOWNS,<br><br>        Defendants. | Case No. 16 C 10408<br><br>Hon. Harry D. Leinenweber |

# ORDER

    Plaintiff Sandra Ann Chambers ("Chambers") brings before the Court a 226-page Class Action Complaint alleging 15 causes of action against 28 Defendants, including a number of political entities, federal and state politicians, and state judges. For the reasons stated herein, Chambers' Application for Leave to

Proceed *in Forma Pauperis* [ECF No. 4] is denied, and her case is dismissed.

## STATEMENT

Under 28 U.S.C. § 1915(a)(1), courts may authorize the commencement of a lawsuit without the prepayment of fees by a person who submits an affidavit showing that she is unable to pay. Before doing so, the Court must screen the complaint to determine whether the action is frivolous or malicious, or whether it should be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

The Court looks to the merits of Chambers' *pro se* Complaint, which it construes liberally. *Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011). To satisfy the pleading standard, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (quoting FED. R. CIV. P. 8(a)(2))). A claim is frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992).

The gist of Chambers' grievances, laid out over many pages, seems to be that there are "*Illegal Aliens*" in the United States whose activities must be stopped. For instance, Chambers asks the Court to do the following: "(1). Order the '*Executive Branch*' to '*enforce*' the laws of '*immigration immediately;*' (2). Deport '*all*' '*Illegal Aliens*' (and their '*Anchor Babies*') '*immediately*'. . . ." Elsewhere, Chambers also complains about the treatment of African Americans and asks the Court to "do the following, but not limited thereto . . . (10). Stop '*gentrifying Black Communities;*' (11). Stop selling the '*land and properties*' of the '*Black Communities*' to foreigners and reclaim them, (12). Immediately enforce laws, but not limited thereto in '*support*' of '*Legal U.S. Citizens*' owning property (and the retention thereof for their posterity);" etc. The Complaint also devolves into requesting such relief as "merge '*Case No. 2015cv06655*' *entitled,*

'*Sandra Ann Chambers vs. Kamla Hodges-Ronan et al*' and leave to amend that complaint herein the *above-entitled action*."

Long and involved as it is, the Complaint does not, among other things, allege how Chambers has suffered "concrete and particularized" injury from the wrongs she complains of. *See, Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561-62 (1992) (explaining that "The party invoking federal jurisdiction bears the burden of establishing the[] elements" of standing, which include "an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized . . . [which] must be "likely," as opposed to merely "speculative," . . . [to be] "redressed by a favorable decision.") (internal citations and quotation marks omitted).

Chambers' Complaint falls short of meeting the standing requirement. She states that she is a "legal black U.S. Citizen" "concerned about 'illegal' and 'illegitimate' voting compromising the election process and outcomes," but these allegations do not state what concrete harm, particularized to herself, Chambers suffers. Moreover, it is simply beyond this Court's jurisdictional powers to grant Chambers many of the remedies she seeks and thereby address her injury, even if such an injury has been sufficiently pled. More still, many, if not all, of the Defendants Chambers sues are immune to civil suits. Finally, even when liberally construed, Chambers' Complaint appears to be no more than a multiplicity of stringed-together non sequiturs.

The Court thereby dismisses the case with prejudice for both frivolity and failure to state a claim upon which relief can be granted.

                                            Harry D. Leinenweber, Judge
                                            United States District Court

Dated: November 16, 2016